UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Teresa R. Doerr, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Todd G. Hoffman, Lee R. Kelly, Wright County, John Doe 1 – John Doe 10, | **Demand for Jury Trial** |
| Defendants. | |

---

Plaintiff, for her cause of action against the above-named Defendants, states and alleges[1] as follows:

## JURISDICTION

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 18 U.S.C. § 2724(a). The aforementioned statutory provisions confer original jurisdiction of this Court.

2. The Court has supplemental jurisdiction over the Minnesota common law and statutory claims asserted herein pursuant to 28 U.S.C. § 1367, because these claims are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] Headings are for convenience only; all allegations herein are interrelated and are incorporated into each part of this Complaint.

## THE PARTIES

3. Plaintiff is an individual residing at 8833 Banyon Avenue N. W., Buffalo, Minnesota 55313.

4. Defendant Todd Hoffman is an individual and, on information and belief, resides at 433 Carissa Lane SW, St. Michael, Minnesota 55376. At all times relevant hereto, Defendant Hoffman was a deputy sheriff for the Wright County sheriff's department.

5. Defendant Lee R. Kelly is an individual and, on information and belief, resides at 6567 225th Street, St. Cloud, MN 56301. At all times relevant hereto, Defendant Kelly was employed by Wright County in the capacity as County Coordinator. Defendant Kelly is the statutorily designated "Responsible Authority" and is responsible for the collection, use, and dissemination of data on individuals pursuant to Minn. Stat. § 13.02, subd. 16(b)(1).

6. Defendant Wright County is a municipality which can be sued under Minn. Stat. § 466.01 et seq., Minn. Stat. § 13.08, and 18 U.S.C. § 2721 et seq.

7. Defendants John Doe 1 – John Doe 10, on information and belief, are individuals employed by Wright County who have accessed Plaintiff's Driver and Vehicle Services records, and who cannot be identified without further investigation and discovery. Further information concerning the identity of the John Doe Defendants appears throughout the Complaint.

8. At all times material hereto, Defendants Hoffman, Kelly and the John Doe Defendants were acting within the scope of their employment with Wright County.

2

## BACKGROUND

*Driver and Vehicle Services*

9. Driver and Vehicle Services (DVS) is a Division of the Minnesota Department of Public Safety.

10. DVS maintains motor vehicle records on Plaintiff. Plaintiff's motor vehicle records contain "personal information" and "highly restricted personal information," as defined by 18 U.S.C. § 2725, (hereinafter referred to collectively as "personal information") including Plaintiff's name, date of birth, driver's license number, address, driver's license status, driver's license photo, weight, height, and eye color. DVS records also include other highly private information, such as social security numbers and medical and disability information.

11. The motor vehicle records are protected from access, use, and disclosure by 18 U.S.C. § 2721 et seq., the Drivers Privacy Protection Act (hereinafter the "DPPA"). DVS motor vehicle records are also private and protected from access, use, and disclosure under Minn. Stat. §§ 13.02, subds. 12-13, 13.05, subds. 3 and 4, 13.355 13.41, 13.69, 13.6905, 84.0874, 168.346, and 171.12 (hereinafter the "MGDPA").

*The Privacy Breaches*

12. Plaintiff is an employee of the Wright County sheriff's office and has worked for that office for thirty-six years. Defendant Hoffman is Plaintiff's supervisor. On May 9 & 10, 2012, Plaintiff called in sick because she had injured her back. On May 10, 2012, Plaintiff's husband saw Defendant Hoffman leaving Plaintiff's driveway which

is a dead-end road. Plaintiff's residence is not visible from the township road and is only visible from the dead-end road.

13. Later on May 10, 2012, Plaintiff spoke with some neighbors who questioned her about a suspicious vehicle that had been parked on the dead-end road earlier that day. Plaintiff's neighbors informed her that a man in a vehicle drove out of Plaintiff's driveway, drove past the neighbor's residence, turned around and parked in front of the neighbor's residence in direct view of Plaintiff's house. One of the neighbors approached the vehicle and the spoke with the driver. The neighbors' description of the vehicle and the person in the vehicle led Plaintiff to conclude that Defendant Hoffman was the person who had been parked on the road looking at her house on May 10, 2012.

14. On May 11, 2012, Plaintiff spoke to Sheriff Joe Hagerty about Defendant Hoffman's conduct on May 10, 2012. Sheriff Hagerty told Plaintiff that he was not aware that Defendant Hoffman was at Plaintiff's residence on May 10, 2012, and knew of no reason for Defendant Hoffman to be at Plaintiff's residence on that day.

15. On information and belief, Plaintiff asserts that Defendant Hoffman was at Plaintiff's property on May 10, 2012, for the purpose of stalking Plaintiff.

16. Plaintiff filed an internal complaint with Wright County concerning Defendant Hoffman's conduct on May 10, 2012. On information and belief, an investigation was performed, and a report was issued. Plaintiff was shown the report, or part of the report, was allowed to briefly review the report, but was not given a copy of the report. Because of the brief time allowed Plaintiff to review the report, Plaintiff is unsure of the findings or conclusions, if any, in the report.

17. Because of Defendant Hoffman's conduct Plaintiff became concerned that her privacy was being violated.

18. A subsequent audit of access to Plaintiff's DVS records revealed that between the time period of February 4, 2003 and December 29, 2012, Plaintiff's motor vehicle records were accessed on seventy-six separate occasions by the Wright County sheriff's office,[2] as set forth in Exhibit A attached hereto and incorporated by reference herein.

19. The audit does not identify the person or persons accessing Plaintiff's motor vehicle records. The audit discloses that Plaintiff's motor vehicle records were accessed on May 10, 2012.

20. On information and belief, Plaintiff believes that Defendant Hoffman accessed her motor vehicle records on May 10, 2012, to facilitate his stalking of Plaintiff which is not a permissible purpose under the DPPA.

21. On information and belief, Plaintiff believes that Defendant Hoffman and the John Doe Defendants have accessed her motor vehicle records at various times since February 4, 2003, for purposes not permissible under the DPPA.

---

[2] The data practices coordinator with the Department of Public Safety indicated some of these "accesses" may be duplicates because the audit potentially identified "page views" and the access of historical information as separate queries. However, without further discovery or explanation, each query is treated as a separate access and violation of the DPPA.

5

22. Defendant Hoffman and each of the John Doe Defendants were acting within their apparent authority by accessing Plaintiff's motor vehicle records as members of the Wright County sheriff's office.

23. Each access identified in Paragraph 18 was unlawful.

   a. None of the accesses were for use by the government in carrying out its functions as contemplated by 18 U.S.C. § 2721(b)(1).

   b. None of the accesses were for use in connection with motor vehicle or driver safety matters as contemplated by 18 U.S.C. § 2721(b)(2).

   c. None of the accesses were for use in the normal course of business by a legitimate business or its agents, employees, or contractors as contemplated by 18 U.S.C. § 2721(b)(3).

   d. None of the accesses were for use in connection with any civil, criminal, administrative, or arbitral proceeding as contemplated by 18 U.S.C. § 2721(b)(4).

   e. None of the accesses were for use in research activities or use in producing statistical reports as contemplated by 18 U.S.C. § 2721(b)(5).

   f. None of the accesses were for insurance uses as contemplated by 18 U.S.C. § 2721(b)(6).

   g. None of the accesses were for use in providing notice of towed or impounded vehicles as contemplated by 18 U.S.C. § 2721(b)(7).

    h. None of the accesses were for use by licensed private investigative agencies or security services as contemplated by 18 U.S.C. § 2721(b)(8).

    i. None of the accesses were for use by anyone relating to a commercial driver's license as contemplated by 18 U.S.C. § 2721(b)(9).

    j. None of the accesses were for use in connection with the operation of private toll transportation facilities as contemplated by 18 U.S.C. § 2721(b)(10).

    k. None of the accesses were for use in response to requests for individual motor vehicles records and Plaintiff did not give express consent as contemplated by 18 U.S.C. § 2721(b)(11).

    l. None of the accesses were for use in bulk distributions and pursuant to the express consent of Plaintiff as contemplated by 18 U.S.C. § 2721(b)(12).

    m. None of the accesses were for use pursuant to a written consent of Plaintiff as contemplated by 18 U.S.C. § 2721(b)(13).

    n. None of the accesses were specifically authorized under state law or related to the operation of a motor vehicle or public safety as contemplated by 18 U.S.C. § 2721(b)(14).

24.    At no time did Plaintiff provide consent for Defendant Hoffman or any of the John Doe Defendants to obtain, disclose or use her motor vehicle records for anything other than the permissible uses defined by 18 U.S.C. § 2721(b).

25. Based on their training and warnings given upon access to the DVS database, Defendant Hoffman and the John Doe Defendants at all times material hereto knew their actions were unlawful but they proceeded to willfully violate Plaintiff's statutory and common law privacy rights.

26. Since learning of the privacy violations, Plaintiff has felt extremely violated and emotionally distressed by the on-line stalking, and the stalking at Plaintiff's residence on May 10, 2012, and generally has lost trust and faith in the government to keep her private information secure.

## CAUSES OF ACTION

### Count 1 - Violation of the DPPA

27. Plaintiff brings Count 1 against all Defendants, except Defendant Kelly. Count 1 is brought against the individual Defendants in their individual and official capacities.

28. Defendant's conduct in obtaining, disclosing and/or using Plaintiff's motor vehicle records violated 18 U.S.C. § 2724(a) and was willful and reckless.

29. As a direct and proximate result, Plaintiff suffered damages in an amount to be determined by a jury, but in any event in the amount of at least $2,500 as liquidated damages for each violation, pursuant to 18 U.S.C. § 2724(b)(1).

30. Plaintiff is entitled to punitive damages under 18 U.S.C. § 2724(b)(2) and such damages are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. § 549.20.

31. Plaintiff is entitled to an award of reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. § 2724(b)(3).

32. Defendant Wright County is directly and vicariously liable for the violations of the DPPA by Defendant Hoffman and the John Doe Defendants.

*Count 2 – Common Law Invasion of Privacy*

33. Plaintiff brings Count 2 against all Defendants, except Defendant Kelly. Count 2 is brought against the individual Defendants in their individual and official capacities.

34. Defendants' conduct in obtaining, disclosing and/or using Plaintiffs' motor vehicle records is highly offensive and constituted an intrusion upon seclusion under Minnesota's common law.

35. As a direct and proximate result, Plaintiff suffered damages, in an amount to be determined by a jury, as described in the Restatement (Second) of Torts § 652H and other applicable law.

36. Defendant Wright County is directly and vicariously liable for the violations of the DPPA by Defendant Hoffman and the John Doe Defendants.

*Count 3 – Violation of the MGDPA*

37. Plaintiff brings Count 3 against Defendants Wright County and Defendant Kelly in his official capacity as the statutorily designated "Responsible Authority."

38. The individual Defendants' conduct in obtaining, disclosing, and/or using Plaintiff's motor vehicle records was knowing and willful and violated the MGDPA, and

Defendants Wright County and Kelly are directly and vicariously liable for those violations.

39. Defendant Kelly, as the "Responsible Authority" for Wright County failed to establish appropriate security safeguards, procedures, and other measures to prevent misuse of DVS motor vehicle records, in violation of the MGDPA, including but not limited to Minn. Stat. § 13.05, subd. 5.

40. As a direct and proximate result, Plaintiff suffered "any damage" within the meaning of Minn. Stat. § 13.08, subd. 1 (which includes those measures recognized by the Restatement (Second) of Torts § 652H), in an amount to be determined by a jury.

41. Plaintiff is also entitled to exemplary damages under Minn. Stat. § 13.08, subd. 1.

42. Plaintiff is entitled to an award of her reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to Minn. Stat. § 13.08, subd. 1.

43. Plaintiff is entitled to an order compelling Defendants to comply with the provisions of the MGDPA, as set forth in Minn. Stat. § 13.08, subd. 4.

44. Plaintiff is entitled to an award of costs and disbursements, including her reasonable attorneys' fees, pursuant to Minn. Stat. § 13.08, subd. 4.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following:

1. A jury trial as to all issues so triable.

2. A money judgment against Defendants for actual and liquidated damages for each DPPA violation in an amount to be determined by a jury but no less than $190,000.

3. A money judgment against Defendants for punitive damages for each DPPA violation in an amount to be determined by a jury.

4. A money judgment against Defendants for damages under the common law pursuant to the Restatement (Second) of Torts § 652H or other applicable law.

5. A money judgment against Defendants for damages (including exemplary damages) under the MGDPA pursuant to Minn. Stat. § 13.08, subd. 1.

6. A money judgment against Defendants for litigation costs and attorneys' fees pursuant to 18 U.S.C. 2724(b)(3), Minn. Stat. § 13.08, and other applicable law.

7. Equitable relief, including but not limited to (a) an order enjoining Defendants and Defendant Wright County's employees from unlawfully accessing Plaintiffs' motor-vehicle records and (b) an order compelling Defendants Wright County and Kelly to comply with the MGDPA and the DPPA and to adopt policies, procedures, and safeguards to ensure that motor-vehicle database privileges are not abused.

8. Any other relief the Court deems equitable and just.

Dated: November 13, 2013

FARRISH JOHNSON LAW OFFICE

*[signature]*

William S. Partridge (84256)
Daniel J. Bellig (0389075)
Joseph A. Gangi (0392042)
1907 Excel Drive
Mankato, MN 56001
Phone: 507.625.2525
Fax: 507.625.4394